[No. 18117.   Department One.   December 13, 1923.]

J. C. HATCHARD, *Respondent*, v. RAYMOND VENEER
COMPANY, *Appellant*.[1]

SALES (82)—PERFORMANCE OF CONTRACT—QUALITY OF GOODS—EVI-
DENCE—QUESTION FOR JURY.   A contract whereby the seller agreed
to deliver a certain quantity of spruce veneer blocks at an agreed
price, is not unilateral or void for want of mutuality.

SAME (143)—BREACH BY PURCHASER—MEASURE OF DAMAGES—IN-
STRUCTION.   The measure of damages for refusal to accept delivery
of a certain quantity of spruce veneer blocks, sold at an agreed
price, is the difference between the contract price and the market
price at the time and place of delivery.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered December 22, 1922,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on contract.   Reversed.

*Welsh & Welsh,* for appellant.
*John I. O'Phelan,* for respondent.

MACKINTOSH, J.—Respondent entered into a contract
with the appellant whereby he agreed to deliver certain
spruce veneer blocks at an agreed price of $20 per
thousand feet, board measure.   His complaint alleges
that he tendered delivery of approximately 90,000 feet,
but the appellant refused to receive them, and this
action is brought for damages in the full contract
amount by reason of the appellant's breach of the
contract.

The appellant justified its refusal to accept the
tender of the blocks on the ground that they were not
of the quality provided in the contract, and the jury
returned a verdict in the full amount claimed.

[1]Reported in 221 Pac. 307.

It is alleged that the contract is unilateral and void for want of mutuality. We can dispose of this matter very simply by saying that the contract cannot be given such interpretation.

Equally readily can we dispose of the next contention, that the testimony shows conclusively that the blocks tendered were not of the kind, character or quality provided in the contract. This was a disputed question of fact on which there was a great deal of evidence and one on which the jury and not the court should pass.

The next contention is that the jury was improperly instructed as to the measure of damages. The court in its instructions allowed the jury to return a verdict for the entire contract price, whereas the law is that the measure of damages in such cases is the difference between the contract price and the market price at the time and place of delivery. *Schott Co. v. Stone, Fisher & Lane Co.,* 35 Wash. 252, 77 Pac. 192; *Hess v. Seitzick,* 95 Wash. 393, 163 Pac. 941; *Yellow Poplar Lumber Co. v. Chapman,* 74 Fed. 444. Justification is sought for the court's instructions upon the theory that the blocks were valueless at the time and place of delivery. This argument can hardly be sound in view of the fact that, in order for the plaintiff to recover at all, the jury must have found that the blocks were of the quality called for by the contract, and it is hardly to be assumed, in the absence of proof (of which the record is devoid), that they were of no value.

For the error in these instructions, the judgment is reversed and the cause remanded for a new trial.

MAIN, C. J., HOLCOMB, TOLMAN, and PARKER, JJ., concur.